# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# SOUTHERN DIVISION

**THE LAMAR COMPANY, LLC**                                      **PLAINTIFF**

**v.**                                                             **CAUSE NO. 1:17CV206-LG-RHW**

**HARRISON COUNTY SCHOOL DISTRICT, ET AL.**         **DEFENDANTS**

## ORDER AWARDING ATTORNEYS' FEES
## TO THE LAMAR COMPANY, LLC

THIS MATTER COMES BEFORE THE COURT on the [25] claim of The Lamar Company, LLC for attorneys' fees of $15,335.15. In addition to the documents attached to docket entry 25, the Court considers declarations previously filed at docket entries 15-1 and 18-1, which The Lamar Company has incorporated by reference. The defendants have filed objections to the fee request. After due consideration of the submissions, arguments of counsel and the relevant law, it is the Court's opinion that The Lamar Company should be awarded $7766 in attorneys' fees pursuant to 28 U.S.C. § 1447(c).

### DISCUSSION

In the Court's remand order adjudicating Lamar's [10] Motion to Remand, it determined that this case is essentially a zoning dispute, with no federal question that would justify removal at stake. (Mem. Op. & Order Granting Mot. to Remand & Denying Mot. to Strike New Argument, ECF No. 22). The Court granted attorneys fees and costs to The Lamar Company, LLC, because there was no objectively reasonable basis for defendants to believe removal was legally proper. Lamar's request for attorneys' fees and costs pursuant to 28 U.S.C. § 1447(c) was

granted, and Lamar was directed to file documentation supporting its request. Lamar has requested attorneys' fees, but no costs. In order to determine the reasonableness of Lamar's attorneys' fees request, the Court starts with a calculation of the lodestar.

## I. THE LODESTAR

To calculate the lodestar, the court first multiplies the reasonable number of hours spent working on the case by the reasonable hourly rate for the attorney to determine the lodestar figure. *Black v. SettlePou, P.C.*, 732 F.3d 492, 502 (5th Cir. 2013).

### A. REASONABLE HOURLY RATE

In this litigation, Lamar was represented by Lisa A. Reppeto, an attorney with seventeen years of experience in litigation involving outdoor advertising signs and regulation. (Repetto Decl. 1, ECF No. 15-1). Reppeto's standard rate is $360 per hour but she bills her time to Lamar at $250 per hour. (*Id.*). The defendants object that Reppeto has not properly documented her professional qualifications and experience "in a resume or other supporting evidence." Defendants do not cite to any authority for this objection. Rather than requiring proof of qualifications and experience, the Court relies on affidavits from counsel as officers of the Court. *See Tollett v. City of Kemah, Tex.*, 285 F.3d 357, 368 (5th Cir. 2002) (reasonable hourly rates are typically calculated through affidavits by attorneys practicing in the community in which the district court is located). Defendants do not contend that Reppeto has misstated her qualifications or experience. Accordingly, there is no

-2-

basis for rejecting Reppeto's declaration statements.

Reppeto has supported her assertion that $250 per hour is reasonable for an attorney of her experience in this community with the declaration of S. Trent Favre. (Ex. C to Lamar Notice of Submission, ECF No. 25-3). Favre has practiced law on the Mississippi Gulf Coast for almost twenty years and states that Reppeto's hourly rate of $250 is consistent with hourly rates charged by other experienced lawyers in the area. (*Id.*). The defendants counter with the Mississippi Bar 2014 Economic Survey, showing that among attorneys who billed hourly in 2014, only 10.6 percent charged $250 per hour. (Def. Resp. Ex. A 5, ECF No. 29-1) (ECF pagination). The largest cohort, at almost twenty percent, charged $200 per hour.

Because "trial courts are considered experts as to the reasonableness of attorney's fees," *Primrose Operating Co. v. Nat'l Am. Ins. Co.*, 382 F.3d 546, 562 (5th Cir. 2004), this Court also reviews attorney fee awards made in local cases. This Court approved an hourly rate of $225 per hour in a civil rights case. *Nobach v. Woodland Vill. Nursing Home Ctr.*, No. 1:11cv346-HSO-RHW, 2013 WL 2145738, at *4 (S.D. Miss. May 15, 2013). In a SPEECH Act case, this Court awarded fees of $250 per hour. *Trout Point Lodge Ltd. v. Handshoe*, No. 1:12cv90-LG-JMR, 2013 WL 6524650, at *6 (S.D. Miss. Dec. 11, 2013). In a Fair Debt Collection Practices Act case, this Court held that $300 per hour was a reasonable rate. *Meyer v. Turner*, No. 1:13cv443-JCG, 2015 WL 7300562, at *5 (S.D. Miss. Nov. 18, 2015). A rate of $400 per hour is appropriate for complex litigation in this community. *Jones*

*v. Singing River Health Sys.*, No. 1:14cv447-LG-RHW, 2016 WL 3248449, at *3 (S.D. Miss. June 10, 2016); *U.S. ex rel. Rigsby v. State Farm Fire & Cas. Co.*, No. 1:06cv433-HSO-RHW, 2014 WL 691500, at *14 (S.D. Miss. Feb. 21, 2014). Rates ranging from $375 per hour to $200 per hour were awarded in an insurance case in the Southern District of Mississippi. *Penthouse Owners Ass'n v. Certain Underwriters at Lloyd's*, No. 1:07cv568-HSO-RHW, 2011 WL 6699447, at *12 (S.D. Miss. Dec. 21, 2011). The attorney awarded $375 per hour had over forty-one years of experience, while the attorneys awarded $200 per hour had four or five years of experience. *Id*. at **7, 10-11. The Court approved $350 per hour for attorneys with thirty-eight to thirty-one years of experience. *Id*. at *9-11.

Considering all of this information, the Court finds that Reppeto's hourly fee of $250 per hour is reasonable in this area for an attorney of her experience.

Lamar also seeks reimbursement for work performed by Legal Assistant Angela Pittman, billed at $95 per hour,[1] for "finalizing and electronically filing" the motion and rebuttal briefs. (Repetto Decl. 1, ECF No. 15-1). Pittman also spent time redacting billing documents and calculating hours and fees. (Ex. B to Lamar Notice of Submission, ECF No. 25-2). The defendants object that the listed services are secretarial in nature and should be disallowed. In the alternative Defendants object that an hourly rate of $95 for a legal assistant is excessive, because an internet employment service calculates an average salary for a legal assistant in

---

[1] Pittman's billing rate was initially mistakenly noted as $160 per hour.

Jackson as $48,265, or the equivalent hourly rate of $23.

The time spent by Pittman is not recoverable to the extent that it is considered purely clerical work. *Coleman v. Houston Indep. Sch. Dist.*, 202 F.3d 264, 1999 WL 1131554, at *9 (5th Cir.1999) (citing *Allen v. U.S. Steel Corp.,* 665 F.2d 689, 697 (5th Cir.1982)). Rather, to be recoverable, time spent by a legal assistant must be similar to that typically performed by lawyers. *Id.* Examples of purely clerical tasks that have been held not recoverable are seeking pro hac vice admission, *Rigsby*, 2014 WL 691500, at *1, assisting with the filing and service of briefs, formatting an appendix to a brief, *Davis v. Perry*, Nos. SA-11-CA-788-OLG-JES-XR, SA-11-CA-855-OLG-JES-XR, 2014 WL 172119, at *1 (W.D. Tex. Jan. 15, 2014), drafting cover letters to the court, calendaring deadlines, filing appearance forms, ordering transcripts, reorganizing materials, and filing notices of an address change. *Black v. SettlePou, PC*, No. 3:10cv1418-K, 2014 WL 3534991, at *6 (N.D. Tex. July 17, 2014).

Among Pittman's billing entries is time spent preparing an entry of appearance and a notice regarding removal, e-filing documents, redacting records and calculating hours and fees. This work, totaling 2.9 hours, appears to be clerical rather than legal. The remaining entries indicate legal work, such as drafting documents, and editing and revising briefs. This time, totaling 2.8 hours, is recoverable because it was for work similar to the work of lawyers.

A rate that is reasonable for Pittman's legal work is $95 per hour, based on Favre's declaration that such a rate is consistent with other legal assistants in the

Mississippi Gulf Coast area. (Ex. C to Lamar Notice of Submission, ECF No. 25-3). This Court has found a rate of $124 per hour reasonable for paralegals engaged in complex litigation. *Jones*, 2016 WL 3248449, at *4. The defendants' evidence of the average salary for a legal assistant in Jackson is not helpful; salary cannot be compared to a billing rate, and Jackson is not the relevant community.

**B. REASONABLE NUMBER OF HOURS SPENT WORKING ON THE CASE**

Ms. Reppeto does not indicate that she reviewed her billing statement and voluntarily excluded any time she viewed as redundant or excessive. The Court has reviewed the billing statement and finds that deductions are warranted. Ms. Reppeto's billed time can be separated into three stages: the motion, the rebuttal (including the motion to strike), and the request for attorneys fees. Ms. Reppeto (or another attorney) billed 22.7 hours for work involved in filing the motion to remand; 32.6 hours for work involved in filing the rebuttal; and 3 hours in gathering and filing documentation on attorneys' fees.

In the Court's view, excessive time was spent drafting pleadings, particularly in view of Reppeto's seventeen years of experience working for Lamar. For example, 6.5 hours were spent preparing to draft the remand motion, and 16.2 hours actually drafting it. The rebuttal required 24.3 hours to draft, while the response to the defendants' motion to strike required 7.4 hours to draft. These 54.4 hours will be reduced by half to 27.2. Also, three entries appear to apply to attorneys other than Reppeto, and there is no request for attorneys fees for any other attorney. These amounts will be deducted: 0.3 hours on July 24, 0.6 hours on August 17, and 0.20

hours on August 23, 2017.  The Court concludes that of the total 58.3 hours billed, thirty will be approved.  Considering the $250 hourly rate this Court has approved for Ms. Reppeto, $7500 is the lodestar for Ms. Reppeto's work on the case.  The Court approved an hourly rate of $95 for Pittman, resulting in a lodestar of $266.  The total lodestar is $7766.

## II.  *JOHNSON* FACTORS

"There is a strong presumption of the reasonableness of the lodestar amount."  *Black*, 732 F.3d at 502.  However, the court must consider the *Johnson* factors to determine whether the lodestar figure should be adjusted upward or downward.  *Strong v. Bellsouth Telecomm., Inc.*, 137 F.3d 844, 850 (5th Cir. 1998).  These factors are:

> (1) the time and labor required; (2) the novelty and difficulty of the questions involved; (3) the skill required to perform the legal service properly; (4) the preclusion of other employment by the attorney due to the acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the undesirability of the case; (11) the nature and the length of the professional relationship with the client; and (12) awards in similar cases.

*Johnson*, 488 F.2d at 717-19.  The most important factor is the degree of the success obtained.  *Black*, 732 F.3d at 503.  The Court "must be careful, however, not to double count a *Johnson* factor already considered in calculating the lodestar when it determines the necessary adjustments."  *Shipes v. Trinity Indus.*, 987 F.2d 311, 320 (5th Cir. 1993).  The Court finds that all of the *Johnson* factors have been accounted

for in the calculation of the lodestar, and no further adjustment is necessary.

CONCLUSION

For the foregoing reasons, the Court finds that The Lamar Company, LLC is entitled to $7766 in attorneys' fees. To the extent the Court has not addressed any of the parties' arguments, it has considered them and determined that they would not alter this result.

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that attorneys' fees in the amount of $7766 are awarded against the defendants and in favor of The Lamar Company, LLC, pursuant to 28 U.S.C. § 1447(c).

**SO ORDERED AND ADJUDGED** this the 18th day of December, 2017.

*s/ Louis Guirola, Jr.*
LOUIS GUIROLA, JR.
UNITED STATES DISTRICT JUDGE